IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

CLERKS OFFICE US DISTRICT COURT
AT HARRISONBURG, VA
FILED

6/22/2026

LAURA A. AUSTIN, CLERK
BY: /s/ Amy Fansler
DEPUTY CLERK

|                         |   |                                          |
|-------------------------|---|------------------------------------------|
| AMBER SHEPHERD,         | ) |                                          |
|                         | ) |                                          |
| Plaintiff,              | ) |                                          |
|                         | ) | Civil Action No. 5:25-cv-00144           |
| v.                      | ) |                                          |
|                         | ) | By: Elizabeth K. Dillon                  |
| UNITED STATES OF AMERICA,| ) |     Chief United States District Judge   |
|                         | ) |                                          |
| Defendant.              | ) |                                          |

**MEMORANDUM OPINION**

In December 2025, Amber Shepherd filed in state court a warrant in debt against her local postmaster, alleging, "I have contacted them sent pictures for months trying to get mailbox fixed. One of the couriers hit it and drove off. I have been back and forth trying to get this resolved." (Dkt. No. 4 at 6 (cleaned up).) This was apparently her first and last engagement with this case. The United States promptly removed to this court, was substituted as a party in the postmaster's place, and moved to dismiss under Federal Rule of Civil Procedure 12(b)(1). (Dkt. Nos. 1–8.) The motion, relying on a declaration of the competent U.S. Postal Service manager, argues that the court lacks jurisdiction under the Federal Tort Claims Act (FTCA) because Shepherd never exhausted her administrative remedies. (Dkt. Nos. 5, 6, 6-1.) In February 2026, the clerk mailed a notice pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), but Shepherd did not respond.

A Rule 12(b)(1) motion tests the court's subject-matter jurisdiction of a claim. Showing this jurisdiction is the plaintiff's burden. *Richmond, Fredericksburg & Potomac R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991). Where a defendant challenges the veracity of the plaintiff's factual allegations, the court may examine their truth. *Rich v. United States*, 811 F.3d

140, 145, 147–48 (4th Cir. 2015); *Kerns v. United States*, 585 F.3d 187, 192–93 (4th Cir. 2009). But, where a defendant "contend[s] that, even assuming that the allegations are true, the complaint fails to set forth facts upon which jurisdiction is proper," the court must accept the allegations at face value, in the light most favorable to the plaintiff, as under Rule 12(b)(6). *Durden v. United States*, 736 F.3d 296, 300 (4th Cir. 2013).  The court construes pro se pleadings liberally.  *Seabrook v. Driscoll*, 148 F.4th 264, 269 (4th Cir. 2025) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

The FTCA is a limited waiver of sovereign immunity, authorizing some suits against the United States for damages caused by its employees.  *See* 28 U.S.C. §§ 1346; 2674.  The court only has jurisdiction of these suits in strict compliance with the FTCA's limitations and conditions.  *See Lehman v. Nakshian*, 453 U.S. 156, 160–61 (1981).  Among these is the condition that "the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail."  28 U.S.C. § 2675(a); *see* 28 C.F.R. § 14.2(a) (requiring written notification of incident and claim for money damages in sum certain).  "Failure to exhaust administrative remedies must result in dismissal of the lawsuit for want of jurisdiction."  *Xiteng Liu v. USCIS, Tex. Serv. Ctr.*, 317 F. App'x 361, 362 (4th Cir. 2009) (per curiam) (unpublished opinion) (citing *Plyler v. United States*, 900 F.2d 41, 42 (4th Cir. 1990)); *Sinkfield v. United States*, No. 7:22-cv-00033, 2023 WL 7002168, at *2 (W.D. Va. Oct. 24, 2023).

Even liberally construed, Shepherd's allegation that she has "been back and forth trying to get this resolved" does not plausibly satisfy the FTCA's requirement that she have notified the Postal Service in writing of her claim to a sum certain and that the Service have finally denied the claim in writing.  (Dkt. No. 4 at 6 (cleaned up)); *see* 28 U.S.C. § 2675(a); 28 C.F.R.

§ 14.2(a); *Hines v. United States*, No. 2:14-cv-00332, 2014 WL 4103953, at *3 (E.D. Va. Aug. 18, 2014); *Colbert v. U.S. Postal Serv.*, 831 F. Supp. 2d 240, 243 (D.D.C. 2011).  And the uncontroverted evidence shows that the Service never received her claim.  (Dkt. No. 6-1); *see Matter Forgods Prod. v. United States*, No. 7:15-cv-00025, 2015 WL 2130981, at *2–3 (W.D. Va. May 5, 2015).  Accordingly, the court concludes that it lacks jurisdiction over this case and must dismiss it under Rule 12(b)(1).  *See Xiteng Liu*, 317 F. App'x at 362.

The United States's motion to dismiss (Dkt. No. 5) will be granted, and Shepherd's case will be dismissed without prejudice in an order to follow.

Entered: June 22, 2026.

/s/ *Elizabeth K. Dillon*
Elizabeth K. Dillon
Chief United States District Judge